THE MORRIS PLAN COMPANY OF LAKELAND, FLORIDA, a Corporation, *Appellant*, vs. REED WALDO WEAVER, JR., by his next friend, E. H. DENNISON, and BEULAH ROSE NELSON, et al., *Appellees.*

Division A.

Opinion filed May 25, 1931.

*Rogers & Rogers,* for Appellant;

*James A. Henderson,* for Appellees.

BUFORD, C.J.—On August 1st 1926 Beulah Rose Weaver was appointed Guardian of the person and estate of Reed Waldo Weaver, Jr. As such Guardian she received the sum of $10,000.00, the property of the ward, which was the proceeds of a life insurance policy payable to the ward as beneficiary on the death of Reed Waldo Weaver, Sr. The money was deposited in the First National Bank of Lakeland to the account of Beulah Rose Weaver as Guardian of Reed Waldo Weaver, Jr., a minor. Afterwards Mrs. Weaver married a man by the name of Nelson. Before her marriage on the 20th day of September, 1926, she, through her attorney who was also a director and general counsel for the Morris Plan Company of Lakeland, a Florida Corporation, transferred $9,000.00 of this money to The Morris Plan Company by check signed,

"Beulah Rose Weaver, Guardian of the Estate of Reed Waldo Weaver, Jr." The Morris Plan Company issued investment certificates payable to Beulah Weaver Nelson. The certificates were dated September 20, 1926, and were numbered "M2", "M3", "M4", "M5", "M6", and "M7" and each was of the face value of $1,000.00. When the certificates were issued by The Morris Plan Company they were delivered to Bradford G. Williams, who was acting as attorney for the Guardian, for the estate of the minor and for The Morris Plan Company. The certificates were retained by Williams until February, 1928, when he delivered them to Mrs. Nelson. After the money had been transferred and after the date of the certificate Williams applied to the Probate Judge of Polk County for an order allowing the Guardian to loan the money to The Morris Plan Company. The Probate Judge refused to allow the money to be loaned to Morris Plan Company or to be invested in certificates of that company.

The money having already been so invested, a petition was filed on June 30, 1927, wherein the court was petitioned to allow Beulah Rose Nelson to retain in her possession as Guardian of the infant the money received from the proceeds of the life insurance policy and on the 24th day of August, 1927, the following order was entered:

"The foregoing petition coming on to be heard, the Court having carefully considered the same and having inquired into the facts, finds that the same should be granted;

IT IS THEREFORE ORDERED That the said Beulah Rose Nelson, as Guardian of Reed Waldo Weaver, Jr., be and she is hereby granted leave of the Court to retain in her possession the money of said infant as set forth in said petition;

AND IT IS FURTHER ORDERED That said Guard-

ian render accountings as to said funds as required by law and that said accounting include interest thereon at the rate of Eight Per Centum (8%) per annum.

DONE AND ORDERED at Bartow, Florida, this 24th day of August, 1927.''

Regardless of the entry of this order, there was no change in the status of the certificates and though the certificates were issued payable to Beulah Weaver Nelson there can be no question that she held the same in her capacity as guardian for the benefit of the ward Reed Waldo Weaver, Jr., and this fact is shown by the evidence to have been so known and recognized by Mrs. Nelson and it was also fully known to Mr. Williams, who was a director and general counsel of the Morris Plan Company, and, therefore, The Morris Plan Company was charged with full notice of all the facts and circumstances surrounding the transaction.

In this state of the case Reed Waldo Weaver, Jr. by his next friend filed a suit in equity in the Circuit Court of Polk County in which, after praying for process and waiving answer under oath, it was prayed:

''2nd: That your Honor will take jurisdiction of the subject matter and the parties.

3rd: That your Honor will determine, adjudge and decree that the six full paid investment certificates issued to Beulah Rose Nelson by the Morris Plan Company of Lakeland, Florida, as of the 20th day of September, 1926, and numbered M2, M3, M4, M5, M6, and M7, in the sum of One Thousand Dollars each are the property of your Orator and held in trust for your Orator by the said Beulah Rose Nelson.

4th: That the said Morris Plan Company of Lakeland, Florida, be ordered to pay the said certificates to Beulah Rose Nelson according to the terms thereof as the guardian of the estate of your orator.

5th: For the costs of this action, and such other and further relief as equity may require and your orator may in justice demand.''

The Morris Plan Company filed answer and thereafter a Master was appointed to take testimony. On final hearing final decree was entered conforming to the prayer of the bill. The evidence submitted, together with a stipulation of counsel amply support the decree of the chancellor.

It was contended by appellants in this Court that The Morris Plan Company held certain notes made and executed by Mrs. Nelson prior to her marriage to Mr. Nelson and which had been executed by Mr. Nelson after his marriage to Mrs. Weaver and that The Morris Plan Company was entitled in law and equity to set off the amount of the indebtedness evidenced by the notes against the amount due on the certificates, upon the theory that The Morris Plan Company had acquired the notes relying upon the understanding of the company that the certificates constituted the individual property of the maker of the notes. This contention is untenable because of the fact as above stated, that the director of the company who handled this transaction and who was also general counsel for The Morris Plan Company, knew all the real facts in the case and knew that Mrs. Weaver acquired no property in the certificates, except as trustee in the capacity of Guardian for her ward.

For the reason stated, the decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.